## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) GLENN E. KELLUM, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | <u>CIV-12-717-M</u> |
| **(2) MIDLAND CREDIT MANAGEMENT, INC.,** | ) | |
| **(3) CAPITAL ONE SERVICES, LLC,** | ) | |
| **(4) VERIZON WIRELESS, AND** | ) | |
| **(5) FCNB-SPIEGEL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF REMOVAL

**COMES NOW** the Defendant, Capital One Services, LLC (COSLLC), and gives notice of its removal of this action from the District Court of Canadian County Oklahoma to the United States District Court for the Western District of Oklahoma, stating as follows:

### INTRODUCTION

Plaintiff, Glenn E. Kellum, Sr., filed this lawsuit against COSLLC, Defendant identified as Verizon Wireless, properly known as Alltel Communications, LLC d/b/a Verizon Wireless (Verizon Wireless), Midland Credit Management, Inc. (MCM) and FCNB-Spiegel (FCNB) in the District Court of Canadian County, Oklahoma on March 29, 2012. A true and correct copy of the entire state court file is attached; see Exhibit "1" – Petition; Exhibit "2" – Summons to Midland Credit Management, Inc.; Exhibit "3" – Summons to Capital One Services, LLC; Exhibit "4" – Summons to Verizon Wireless; and Exhibit "5" – Summons to FCNB-Spiegel. A true and correct copy of the state court docket sheet is attached as Exhibit "6".

2012672 v1

The Petition alleges that Mr. Kellum incurred debt with FCNB and Verizon Wireless in 2002 and 2003 respectively, and that the Verizon Wireless debt was sold to Capital One. (See Petition, ¶¶ 5-6). Mr. Kellum also claims that he paid off the debt but it was sold to MCM in 2004. (See Id. ¶¶ 7-8). According to Mr. Kellum, he discovered that MCM was reporting the debt on his credit report in 2005, and began notifying Defendants that the account should be reported as paid in full. (See Id. ¶¶ 9-10). Defendants allegedly did not correct the reporting until April 28, 2011. (See Petition, ¶¶ 9-13).

The Petition asserts claims for violation of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. (FCRA) and the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.  It also asserts claims Fraud and Negligence, and seeks damages against each Defendant in an amount that exceeds the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code exclusive of interest, costs and attorneys fees. (See Petition, ¶¶ 17-28).

This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446. This removal is timely because it was filed within 30 days of the date any Defendant received a copy of the Summon and Petition by service or otherwise.[1]

---

[1]  Nothing in this Notice of Removal should be construed as an admission that Mr. Kellum's claims have any merit whatsoever. COSLLC expressly denies that the Petition states a claim upon which relief can be granted against COSLLC and demands strict proof thereof.

<u>ARGUMENT AND CITATION TO LEGAL AUTHORITY</u>

## I.  FEDERAL QUESTION JURISDICTION.

1.  Pursuant to 28 U.S.C. § 1441:

**(a) Generally. --**  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

2.  28 U.S.C. § 1331 provides federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331.  Removal jurisdiction based on a federal question exists when a federal question is presented on the face of a plaintiff's Petition. <u>See, e.g.</u>, <u>Felix v. Lucent Technologies, Inc.</u>, 387 F.3d 1146, 1154 (10th Cir. 2004) ("'The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" (quoting <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987)).

3.  Mr. Kellum has asserted claims against Defendants for violation of the FCRA and FDCPA. (<u>See</u> Petition, ¶¶ 24, 27). These claims arise under laws of the United States. <u>See</u> 15 U.S.C. §§ 1681, <u>et seq.</u> and 1692, <u>et seq.</u>

4.  Because Mr. Kellum has asserted claims arising under, and for alleged violations of federal law, this Court has federal question jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331 and 1441. Additionally, as a result, this Court also has

supplemental jurisdiction of Mr. Kellum's state law claims. <u>See</u> <u>Smith v. Rockett</u>, No. CIV–06–492–M, 2009 WL 3157343, at *2 (W.D. Okla. Sept. 29, 2009) (slip opinion).

## II.    DIVERSIY JURISDICTION.

5.      This Court also has original subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 because the parties are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs. <u>See</u> 28 U.S.C. § 1332.

### A.    <u>The Diversity of Citizenship Prong</u>.

6.      Based on information and belief, Kellum is a resident citizen of the State of Oklahoma. (<u>See</u> Petition, ¶ 1).

7.       Defendant COSLCC is a limited liability company organized under the laws of the State of Delaware, and whose principal place of business and headquarters are located in the Commonwealth of Virginia. The citizenship of a limited liability company is determined for purposes of diversity jurisdiction by the citizenship of all the members composing the organization. <u>See</u> <u>Great White Pressure Control, LLC v. Seaboard Intern., Inc.</u>, No. CIV-09-881-D, 2009 WL 3763815, at *2 (W.D. Okla. Nov. 9, 2009) (slip opinion) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). COSLLC has one member, Capital One, N.A., a national banking association with its principal place of business and headquarters and main office designated in its articles of association as located in the Commonwealth of Virginia. For purposes of diversity jurisdiction, national banks are citizens of the state designated in its articles of association as its main office. <u>See</u> <u>Wachovia Bank, N.A. v. Schmidt, III</u>, 546 U.S. 303, 318 (2006) (holding a national bank is a citizen of "the State designated in its articles of association as its main office.").

8.      MCM is a Kansas corporation with its principal place of business located in the State of California.

9.      Defendant Verizon Wireless, properly known as Alltel Communications, LLC d/b/a Verizon Wireless is a Delaware limited liability company with its principal place of business and headquarters located in New Jersey. Alltel Corporation is the sole member of Alltel Communications, LLC. Alltel Corporation is a Delaware corporation with its principal place of business/headquarters located in New Jersey.

10.     FCNB has been an inactive national banking association since 2005. *See* Exhibit "9" – Information regarding FCNB-Spiegel. As such, this Court need not consider its citizenship for the purposes of diversity. See Century Bankcard Services, Inc. v. U.S. Bancorp, 318 F. Supp. 2d 983, 986 n.1 (C.D. Cal. 2004) (where the plaintiff filed suit against multiple defendants, one which was a dissolved bank, the court found that "[t]his action was filed after Bay View Bank ceased to exist; accordingly, the Court will not consider the citizenship of Bay View Bank."). Prior to becoming inactive, however, FCNB was a national banking association with the main office designated in its articles of association as being Oregon.

11.     Because Kellum is a citizen of the State of Oklahoma, and all Defendants are citizens of states other than the State of Oklahoma, there is complete diversity of citizenship between the parties and the first prong necessary to invoke this Court's diversity subject matter jurisdiction is satisfied. See 28 U.S.C. § 1332.

B.      **The Amount In Controversy Prong.**

12.     Mr. Kellum's Petition alleges that:

The Plaintiff should be awarded judgment for damages against Defendants
MCM and Capital One, and each of them, in an amount that exceeds that
amount required for diversity jurisdiction pursuant to Section 1332 of Title
28 of the United States Code exclusive of interest, costs and attorney fees.
Additionally, Plaintiff should be awarded judgment for Category III
punitive or exemplary damages against MCM and Capital One, each of
them, in an amount that exceeds that amount required for diversity
jurisdiction pursuant to Section 1332 of Title 28 of the United States Code
exclusive of interest, costs and attorney fees.

[…]

Plaintiff should be awarded judgment for damages against Defendants
Spiegel, Capital One and Verizon, and each of them, in an amount that
exceeds that amount required for diversity jurisdiction pursuant to Section
1332 of Title 28 of the United States Code exclusive of interest, costs and
attorney fees.

(Petition., ¶¶ 19, 22).

13.     "If removal of a civil action is sought on the basis of the jurisdiction

conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall

be deemed to be the amount in controversy" except in situations that do not apply here:

See 28 U.S.C. § 1446(c)(2). See also  Marcus Food Co. v. DiPanfilo, 671 F.3d 1159,

1171 (10th Cir. 2011) (citing Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179,

1183 (10th Cir. 2000)) ("The amount claimed by the plaintiff in its complaint generally

controls and 'alone can be sufficient' to support subject matter jurisdiction").

14.     Because the Petition seeks "an amount that exceeds that amount required

for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code,"

the amount-in-controversy element is satisfied, and the second prong necessary to invoke

this Court's diversity jurisdiction is present.

6

## PROCEDURAL REQUIREMENTS

15.     Pursuant to 28 U.S.C. § 1446 and Western District Local Rule 81.2, copies of the records and pleadings filed in this case and the state court docket sheet are attached as Exhibit "1" – Petition; Exhibit "2" – Summons to Midland Credit Management, Inc.; Exhibit "3" – Summons to Capital One Services, LLC; Exhibit "4" – Summons to Verizon Wireless; and Exhibit "5" – Summons to FCNB-Spiegel.  A true and correct copy of the state court docket sheet is attached as Exhibit "6".

16.     Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

17.     All served defendants consent to this removal. *See* Exhibits "7" – Defendant Midland Credit Management, Inc.'s Consent; and Exhibit "8" – Defendant Identified As Verizon Wireless' Consent.

18.     FCNB has not been properly served and, therefore, is not required to consent to this removal. See Smith v. Smart Buy Homes, No. CIV-08-89-C, 2008 WL 5122840, at *2 (W.D. Okla. Dec. 4. 2008) ("failure of a non-served defendant to join in the removal does not impact the propriety of the removal.") (slip opinion); 28 U.S.C. § 1446. But even if FCNB had been served, it has been inactive since 2005, and was voluntarily liquidated and closed before Mr. Kellum filed his Petition. See Exhibit "9" – Information regarding FCNB-Spiegel.  Thus, not only could the served Defendants not obtain FCNB's consent, this Court need not consider FCNB's consent because no action can exist against that non-existent entity.  See, e.g., Smoot v. Chicago, Rock Island and

<u>Pacific Railroad Co.</u>, 378 F.2d 879, 882 (10th Cir. 1967) (finding fraudulent joinder where the defendant established non-liability of non-diverse party).[2]

19.    For the reasons stated above, this Court has federal question and diversity jurisdiction over this proceeding.

20.    In the event that remand is sought by Mr. Kellum or otherwise visited by this Court, COSLLC respectfully requests that this Court allow it an opportunity to further brief this matter and submit additional evidence and/or argument in support of this removal.

21.    A Notice of Filing Notice of Removal is being filed with the Clerk of the District Court of Canadian County, Oklahoma.

Dated June 25, 2012.

Respectfully Submitted,

s/*Rochette Wurth*
F. Thomas Cordell, Jr., OBA #1912
Rochette Wurth, OBA #20897
**Attorneys for Defendant, Attorneys for Capital One Services, L.L.C.**
FRAILEY, CHAFFIN, CORDELL, PERRYMAN, STERKEL, MCCALLA & BROWN LLP
201 N. 4th Street; P. O. Box 533
Chickasha, Oklahoma 73023
Telephone: (405) 224-0237
Facsimile: (405) 222-2319
Email: tcordell@fccpsm.com
Email: rwurth@fccpsm.com

---

[2]   COSLLC has not been properly served with the Summons or Petition. Rather, the Summons and Petition were mailed to a P.O. Box in Salt Lake City Utah.

## CERTIFICATE OF SERVICE

I hereby certify that on 25th day of June, 2012, I served the attached document by U.S. Mail on the following, who are not registered participants of the ECF System:

Doug Carel
Doug Carel, P.C.
416 Southwest 79th
Suite 100
Oklahoma City, Ok 73139

Jon E. Brightmire,
Amanda L. Thrash, OBA No. 21844
Williams Tower II
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103

Alltel Communications, LLC d/b/a Verizon Wireless
One Verizon Place
MC-GA1B3LGL
Alpharetta, GA 30004

s/*Rochette Wurth*
Rochette Wurth