IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLENN E. KELLUM SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-12-717-M |
| | ) |
| MIDLAND CREDIT MANAGEMENT, | ) |
| INC., CAPITAL ONE SERVICES, LLC, | ) |
| VERIZON WIRELESS, AND | ) |
| FCNB-SPIEGEL, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendant Capital One Services, LLC's Amended Motion to Reconsider. Plaintiff and defendant Verizon Wireless both filed timely responses. Also, before the Court is Defendant Midland Credit Management, Inc.'s, Motion for Clarification, or in the Alternative Motion for Relief from Order. Plaintiff and defendant Verizon Wireless both filed timely responses. Based upon the parties' submissions, the Court makes its determination.

I.      Capitol One Services, LLC - Amended Motion to Reconsider

Defendant Capital One Services, LLC ("Capital One") moves this Court to reconsider its September 11, 2012 order granting in part and denying in part defendant Verizon Wireless' motion to compel arbitration and stay judicial proceedings in this case. Capital One did not file a response to Verizon Wireless' motion and now seeks reconsideration of the Court's order, granting the enforcement of plaintiff's arbitration agreement as to all parties. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is

appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff brings this breach of contract action against the defendants noting in a verified petition that he has several accounts with Capital One and that one of the accounts at issue in this case was purchased by Capital One from Verizon/Alltel. In support of Verizon/Alltel's motion to compel a mandatory arbitration agreement was submitted.

Having carefully reviewed Capital One's motion, the Court finds no grounds warranting reconsideration in the case at bar. Specifically, the Court finds no intervening change in the controlling law, no new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice. The Court further finds it did not misapprehend plaintiff's position, and it did not misapprehend the controlling law. In support of its motion for reconsideration, Capital One argues upon its investigation it does not own the particular account at issue in this lawsuit and that counsel for Alltel did not intend to include them in its motion to compel. Because this lawsuit involves a dispute as to plaintiff's wireless telephone services all parties to this lawsuit are to participate in arbitration per the mandatory arbitration agreement. The mandatory arbitration agreement states:

> **Arbitration**
> Any dispute arising out of this Agreement or relating to the [wireless telephone] Services and Equipment must be settled by arbitration administered by the American Arbitration Association. Each party will bear the cost of preparing and prosecuting its case. We will reimburse you for any filing or hearing fees to the extent they exceed what your court costs would have been if your claim had been resolved in a state court having jurisdiction. The arbitrator has no power or authority to alter or modify these Terms and Conditions, including the foregoing Limitation of Liability section. All claims must be arbitrated individually, and there will be no consolidation or class treatment of any claims. This provision is subject to the United

States Arbitration Act.

Arbitration Agreement, pg. 3-Motion of Alltel Communication, LLC to Compel Arbitration and Stay Judicial Proceedings.

Accordingly, the Court finds that Capital One's motion to reconsider should be denied.

II.     Midland Credit Management, Inc.'s Motion for Clarification

Plaintiff also names as defendant Midland Credit Management, Inc. ("Midland"). Plaintiff contends Midland, as well as the other named defendants, falsely and fraudulently reported him in a negative light which caused him the loss of employment in violation of the Fair Credit Reporting Act.[1] Midland now seeks clarification of the Court's September 11, 2012 Order. Specifically, Midland wants to clarify whether it has to participate in arbitration. Midland did not file a response to defendant Verizon Wireless' motion to compel arbitration. As noted above, pursuant to defendant Verizon Wireless' motion, on September 12, 2012 the Court ordered all parties to arbitration pursuant to the mandatory arbitration agreement at issue in this case. In light of the Court's previous ruling and the above, the Court finds that defendant Midland's motion should be moot.

---

[1] Contrary to Midland's allegation, plaintiff has asked the Court for all parties to arbitrate the claims in this case. *See* Plaintiff's response to Midland's motion ¶¶ 1-2.

III.     Conclusion

For the reasons set forth above, the Court DENIES Defendant Capital One Services, LLC's Amended Motion to Reconsider [docket no. 22] and FINDS Defendant Midland Credit Management, Inc.'s Motion for Clarification, or in the Alternative, Motion for Relief from Order [docket no. 25] MOOT.

**IT IS SO ORDERED this 19th day of April, 2013.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE